# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | §   Criminal No. 4:21-CR-379 |
| v. | § |
| | § |
| | § |
| KELVIN RAMIREZ, | § |
| | § |
| Defendant. | § |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, by and through its undersigned attorneys, respectfully submits the following Sentencing Memorandum to assist the Court in sentencing defendant Kelvin Ramirez. Using Instagram, Mr. Ramirez held himself out as a successful foreign exchange, or "forex", trader and solicited over 100 investors by promising low or no risk investments. Instead of investing the funds as promised, Mr. Ramirez spent the money on personal purchases, including vacations and a car. In light of the factors in 18 U.S.C. § 3553 and for the reasons set forth below, the United States respectfully requests that this Court impose a term of imprisonment in the middle of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range and two years of supervised release.

### I.   Background

After using Instagram to advertise himself as a successful foreign exchange trader starting in 2016, Mr. Ramirez collected over $650,000 from over 100 victims. Mr. Ramirez marketed two general types of investments in forex: "investment groups" and "private

accounts" that were both managed by Mr. Ramirez. His investment groups promised investors that they could invest in a "spot" in a group for $1,000 and that he would trade the group's money. In a private account, an investor could invest larger amounts of money with Mr. Ramirez that he would trade on an investor's behalf. He attracted investors in both types of investments by posting on Instagram promising that they had high rates of return and were low or no risk. Once he received the investor money, Mr. Ramirez did not invest it as promised, but rather misappropriated the money to make personal purchases. Most of the money did not go into a forex account to trade forex on behalf of the victims.

Ramirez agreed to waive indictment and plead guilty in the summer of 2021. On July 19, 2021, Ramirez was charged by information with one count of wire fraud. (Dkt. 1.) On August 23, Ramirez pled guilty pursuant to a plea agreement. (Dkt. 18.)

## II. The Presentence Investigation Report

The Presentence Investigation Report calculates Mr. Ramirez's offense level at twenty-two, which incorporates a three-level reduction for timely acceptance of responsibility. PSR ¶¶ 54, 55. The defendant has objected to the addition of a two-level adjustment for Abuse of Trust pursuant to USSG § 3B1.3 provided for in the PSR.[1] Based on the PSR, with a criminal history category I, Mr. Ramirez's sentencing range is 41 to 51

---

[1] The government takes no position on whether this adjustment is appropriate, but notes that the defendant need not have legitimately occupied a position of trust for the enhancement to apply. *See United States v. Sudeen*, 434 F.3d 384, 391–92 (5th Cir. 2005). The government also notes that the defendant did not hold himself out as a licensed financial advisor, but he did advertise himself as a knowledgeable forex trader who invested on behalf of other people. *See United States v. Paneras*, 222 F.3d 406, 413 (7th Cir. 2000) (affirming the application of the abuse of trust enhancement where the defendant represented to victims that he held a Series 7 license, was "knowledgeable about investments, and that he regularly invested other peoples' money for them.").

months. PSR ¶ 81. If the abuse of trust enhancement is not applied, Mr. Ramirez's sentencing range is 33 to 41 months.

### III. Consideration of Factors Under Section 3553(a)

The Sentencing Guidelines discussed above are advisory in nature. *United States v. Booker*, 543 U.S. 220 (2005). However, they are one of the statutory factors that sentencing courts must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita,* 551 U.S. 338 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 39 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350. The other factors that 18 U.S.C. § 3553(a) identifies as relevant include: (1) the nature of circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

Mr. Ramirez participated in serious criminal conduct and deserves to be punished for his choices. The United States submits that a Guidelines sentence is sufficient but not

greater than necessary to accomplish the goals of the Sentencing Reform Act. Mr. Ramirez, an individual with no relevant training or experience, held himself out as a forex expert and stole hundreds of thousands of dollars from people who trusted him with their money. He promised people that they were going to make a set amount of money each work and would receive a full refund if the money was lost. He promised that the investments were low or no risk. To make it worse, Mr. Ramirez did not lose investor money with bad investments, but rather misappropriated it. He bought a Nissan r35 GTR car with investor money. He went on vacation with investor money. Instead of looking out for his investors, as he promised to do, Mr. Ramirez chose instead to serve his own interests.

While the Defendant's crime was serious, there are some mitigating factors that warrant consideration when fashioning an appropriate sentence. It appears that Mr. Ramirez has shown genuine remorse for his actions and has accepted that his actions were wrong. Furthermore, his acceptance of responsibility pre-indictment has saved the government considerable resources.

While there are mitigating factors to consider, a sentence below the Guidelines range is not warranted in this case. Principles of general deterrence weigh in favor of a Guidelines term of imprisonment. Mr. Ramirez sought out victims and stole money from them, and this Court should not send the message that those who seek to defraud investors using the internet will not be punished significantly. Furthermore, by imposing a Guidelines sentence, the Court will ensure there continue to be consistent sentences nationwide.

## IV.    Restitution and Forfeiture

Restitution is governed by the Mandatory Victims Restitution Act.  *See* 18 U.S.C. § 3663A.  In pertinent part, the Act provides that "the court shall order…that the defendant make restitution to the victim of the offense" when the offense of conviction or plea agreement is one listed in the statute, including those where "an identifiable victim or victims has suffered a…pecuniary loss."  18 U.S.C. § 3663A(c)(1)(B).

The defendant has agreed to pay restitution in the amount of at least $687,792.93 in the plea agreement.  (Dkt. 18, ¶ 19.)  Restitution must be ordered in this case in accordance with 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1.   The government has taken several steps to notify investors that they may be victims and entitled to restitution if they suffered losses as a result of the defendant's conduct.  These steps included: publishing the notice of the plea and case on the Department's website at https://www.justice.gov/criminal-vns/case/Kelvin-Ramirez; contacting potential victims by mail where it had contact information; and directly calling certain investors the government identified through phone records.  To date, the government does not have enough information to determine contact information and restitution owed to all victims.  Therefore, the government seeks an additional ninety days from the date of sentencing for victims to notify probation of their losses. See 18 U.S.C. § 3664(d)(5).

The Court previously entered an Order of Forfeiture Imposing a Money Judgment on October 13, 2021.  (Dkt. 23.)

## V. Conclusion

The United States respectfully requests that this Court sentence the Defendant to a term of imprisonment in the middle of Guidelines range and two-years' supervised release. The government believes that such a sentence is sufficient but not greater than necessary to meet the objectives of 18 U.S.C. § 3553(a).

Respectfully,

JOSEPH S. BEEMSTERBOER
Chief, Fraud Section
U.S. Department of Justice


/s/ Laura Connelly
Laura Connelly
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave. NW
Washington, DC 20005
202-307-1423
Laura.Connelly@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Laura Connelly
Laura Connelly
Trial Attorney